**EASTERN AIR LINES, Inc., v.
UNITED STATES.**

**No. 11069.**

United States Court of Appeals
Third Circuit.

Argued Oct. 8, 1953.

Decided Oct. 19, 1953.

James B. Spell, Washington, D. C.,
(Warren E. Burger, Asst. Atty. Gen.,
Michael A. Poppiti, Asst. U. S. Atty.,
Wilmington, Del., Massillon M. Heuser,
Atty. Department of Justice, Washington, D. C., on the brief), for appellant.

Joseph W. Henderson, Philadelphia,
Pa. (Rawle & Henderson, Robert E.
Jones, Philadelphia, Pa., James R. Morford, Wilmington, Del., on the brief), for
appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit
Judges.

PER CURIAM.

The questions presented by this appeal
are primarily those of fact. It is the
contention of the United States that the
incontrovertible physical facts demonstrate that the pilot and co-pilot of the
airliner owned by Eastern Air Lines, Inc.
were negligent in failing to keep a proper
lookout whereby the Army bomber,
whose pilot was admittedly pursuing an
aural null procedure, could have been
seen and the collision between the two
airplanes avoided. The United States
also asserts that the pilot of the bomber
did not approach the airliner from the
rear and that the angle of the approach
of the bomber to the airliner was from 80
to 90 degrees, but no wider. The United
States also contends that it was negligent on the part of the airliner pilots to
leave the commercial airway and penetrate 8 miles into an operational area, despite the fact that by doing so they
avoided the congestion of the Florence
Air Base which lay within the airway.
The plaintiff contends that the pilot of
the bomber was clearly negligent in that
the bomber approached the airliner from
its left, slightly to the rear of the airliner in such close proximity to it as to
render it impossible for the airliner to
avoid the accident.

As to the deviation from the airway
by the airliner, it appears that that deviation was legal and authorized by CAR No.
61.731, and the court below so found.
As to the other contentions of the United
States, we hold that ample evidence supports the findings of fact of the trial
court and that its conclusion of law that
the bomber was at fault is correct. The
contentions of the United States are
based on a series of hypothetical conditions, carefully charted, and based upon
that state of operative facts most favorable to it as shown by its own evidence.
We cite as an example its contention
that the pilot of the bomber maintained
a constant altitude. There is evidence,
however, which, if believed, destroys the
validity of the operative facts contended
for by the United States.

The court below, in a carefully considered opinion, 110 F.Supp. 491, reached
the conclusion that the United States was
negligent. We agree.

The judgment of the court below will
be affirmed.